UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIFFANY YOUNT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:05CV1193 JCH |
| PATRICK WELDY and | ) | |
| P.A.M. TRANSPORT, INC., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand, filed August 18, 2005. (Doc. No. 11). The matter is fully briefed and ready for disposition.

This case arises out an automobile accident involving Plaintiff and Defendant Welty, who was driving a truck owned by Defendant P.A.M. Transport at the time of the accident. On January 18, 2005, before any Petition in this case was filed, Plaintiff sent Defendants a demand letter, offering to settle the claim for $75,000, plus an agreement to "leave medical open for two years." (Notice of Removal, Doc. No. 1, attached exh. A). This demand was rejected. On May 2, 2005, Plaintiff sent another demand letter, this time for $60,000 dollars, "with no open medical." (Motion for Remand, Doc. No. 11, attached exh. A). This demand also was rejected.

Plaintiff filed her original Petition in this matter in the Circuit Court of the City of St. Louis, Missouri, on July 11, 2005. (Doc. No. 1, attached exh. A ("Petition")). Plaintiff's action is for damages sustained in the automobile accident. (Petition ¶¶ 3-7). Plaintiff's total claim for relief in her

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Petition is $50,000, plus costs. She did not request punitive damages.

On August 1, 2005, Defendants Weldy and P.A.M. Transport removed Plaintiff's action to this Court. (Notice of Removal, Doc. No. 1). In doing so, Defendants assert that this Court possesses original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1, ¶ 1). Defendants further assert that the action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000. (Id. at ¶¶ 4-7) ("$75,000 plus an agreement to leave medical open for two years."). Defendants base the amount in controversy on Plaintiff's January 18, 2005 demand letter.

As stated above, Plaintiff filed her Motion for Remand on August 18, 2005. (Doc. No. 11). In her motion, Plaintiff maintains that the amount in controversy in this matter is less than $75,000. In support of this assertion, Plaintiff attaches evidence of (1) the May 2, 2005 demand letter for $60,000 with no open medical, (2) medical costs of $9,724, and (3) lost wages of $1,232. (Motion for Remand, Doc. No. 11, ¶ 5). In response, Defendants assert that Plaintiff's injuries are severe, and that the $75,000 January settlement demand is persuasive evidence that the damages Plaintiff allegedly suffered exceed $75,000. (Defendants' Memorandum, Doc. No. 12).

The Eighth Circuit articulated the standard to apply in determining whether a federal court has subject matter jurisdiction in a removed case, as follows: "[T]he party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount." Trimble v. Asarco, 232 F.3d 946, 959 (8th Cir. 2000) (internal quotations and citations omitted) rev'd on other grounds by Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611 (2005). The Eighth Circuit has further held that "[t]his amount-in-controversy requirement is satisfied when a fact

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Capitol Indemnity Corp. v. 1405 Assoc., Inc., 340 F.3d 547, 549 (8th Cir. 2003) (internal quotations and citation omitted). See also Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are.").

Upon consideration of the foregoing standards, the Court will grant Plaintiff's Motion for Remand. Plaintiff's damages for medical bills and lost wages total $10,956. Plaintiff does not seek punitive damages. Although Plaintiff does seek costs, costs are specifically excluded from the calculation of the amount in controversy for jurisdiction purposes. 28 U.S.C. § 1332(a).

Defendants' assertion that the value of Plaintiff's claim exceeds $75,000 is unpersuasive.. First, they provide a settlement demand letter that had been superseded by a significantly lower demand letter[1] at the time this case was removed to this Court. "[T]he mere existence of a settlement demand is not dispositive of the issue of the jurisdictional amount." Corlew v. Denny's Rest., Inc., 983 F.Supp. 878, 880 (E.D.Mo. 1997). See also Gramc v. Millar Elevator Co./Schindler Enter., 3 F.Supp. 2d 1082, 1084 (E.D.Mo. 1998). Second, they argue that, because Plaintiff's Petition asserts that her injuries are severe, the amount in controversy could be greater than $75,000. (Defendants' Memorandum, Doc. No. 12 at 3). Defendants provide, however, no additional evidence to show the severity of Plaintiff's condition. Defendants have thus failed to meet their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

---

[1] The May 2, 2005 demand letter was for $60,000. The most recent settlement demand was on June 21, 2005 for $55,000. (Plaintiff's Reply, Doc. No. 13 at 2).

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. No. 11) is **GRANTED** and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order

Dated this 12th day of September, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com